## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
:
THS COMPANY, LLC,                                        :        Civil Action No. 06-4956(FLW)
:
:        **OPINION**
Plaintiff,                       :
:
v.                               :
:
SHERATON WORLD RESORT ORLANDO, et al, :
:
Defendants.                      :
_____

**WOLFSON, District Judge**

Presently before the Court is a Motion to Remand by Plaintiff, THS Company, LLC,

("THS"), and a Motion to Transfer to the U.S. District Court for the Middle District of Florida by

Defendants, Sheraton World Resort Orlando ("Sheraton") and Remington Hotel Corporation

("Remington").  For the reasons set forth below, Plaintiff's Motion will be granted and

Defendant's Motion will be denied.


**I. Background**

Plaintiff, THS, is a New Jersey Corporation that provides meeting, convention and

housing services for amateur sports teams. On October 4, 2005, Plaintiff entered into an

agreement with Defendants for a large block booking of hotel rooms at the Sheraton Orlando for

"Spirit Team America Open" one of Plaintiff's long-standing customers.  In addition, on October

7, 2005, THS entered into a Letter of Agreement with Sheraton, which, to the extent that Plaintiff

1

utilized Defendants' hotels to accommodate its clients, governed the parties' relationship.

However, in a Complaint dated August 25, 2006, Plaintiff alleges that the services provided to Plaintiff and its customers pursuant to the Agreements were inadequate, substandard and deficient; indeed, Plaintiff contends that Defendants made material misrepresentations regarding the nature and quality of services and accommodations that would be provided to Plaintiff and its customers in order to induce Plaintiff into entering the above agreements. Moreover, Plaintiff alleges that Defendants misappropriated commissions and rebates that it was obligated to pay the Plaintiffs by accepting reservations directly from Plaintiff's customers in breach of the contract between the parties.  Thus, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, on August 25, 2006 seeking damages for breach of contract, breach of the implied covenenat of good faith and fair dealing, tortious interference with economic advantage, fraud and violation of the New Jersey Consumer Fraud Act.  Defendant Remington was served with the summons and Complaint on September 7, 2006 and Sheraton was served on September 12, 2006.  Thereafter, on October 16, 2006 Defendants filed an Application for Removal to the United States District Court for the District of New Jersey. Subsequently, on October 30, 2006, Plaintiff filed a Motion to Remand the Action to State Court and on November 14, 2006, Defendants filed a Motion to Transfer the Case to the Middle District of Florida.

**II. Discussion**

<u>1. Removal Under 28 U.S.C. § 1446</u>

Under the general federal removal statutes, an action brought in state court can be

removed by defendants to the federal district court encompassing the state court if that federal district court would have had original jurisdiction. 28 U.S.C. § 1441(a).  Section 1441 provides that "[e]xcept as otherwise expressly provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Thus, to properly remove a case from state to federal court pursuant to section 1446(a), a defendant must file "a notice of removal. . .containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served." 28 U.S.C. § 1446(a).   The party seeking removal bears the burden of establishing that the notice of removal was filed in a timely manner. Rosebud Holding LLC v. Burks, 995 F.Supp. 465, 467 (D.N.J 1998).  Section 1446 provides a thirty day limitations period for removal, 28 U.S.C. § 1446(b), and it is well-established that the thirty day period for removal is mandatory and cannot be extended by the court. Balestrieri v. Bell Asbestos Mines, Ltd., 544 F.Supp. 528, 529 (E.D.Pa.1982); Typh, Inc. v. Typhoon Fence of Penn., Inc., 461 F.Supp. 994, 996 (E.D.Pa.1978); Northern Ill. Gas Co. v. Airco Indus. Gases Div. of Airco Inc., 676 F.2d 270, 273 (7th Cir.1982); Courtney v. Benedetto, 627 F.Supp. 523 (M.D.La.1986). Indeed, courts are required to construe removal statutes strictly and resolve all doubts in favor of remand. Shamrock Oil & Gas Corp., v. Sheets, 313 U.S. 100 (1941); Yorker v. Manalapan Police Dept., 2005 WL 1429879 (D.N.J. June 17, 2005).  A case may be remanded to state court on the ground of a defect in the removal procedure, 28 U.S.C. § 1447(c), including a failure to file a notice of removal within the thirty day limitations period. Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1212-14 (3d Cir.

3

1991); Capone v. Harris Corp., 694 F.Supp. 111, 112 (E.D.Pa.1988)("The thirty day period is mandatory and cannot be extended by the Court."); Blow v. Liberty Travel, Inc., 550 F.Supp. 375, 375-76 (E.D.Pa.1982).

In the instant matter, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, on August 25, 2006.  On September 7, 2006, Plaintiff served Remington and on September 12, 2006 Plaintiff served Sheraton.  Thus, Defendants would have had, at the latest, until October 12, 2006 to timely file for removal pursuant to 28 U.S.C. § 1446.  However, Defendants did not remove this case until October 16, 2006.  Thus, Defendants' removal of this action is not timely.

Defendants, however, argue that the parties entered into a stipulation that extended the time to answer the Complaint or otherwise move until October 25, 2006, thus, Defendants contend that their removal was timely.  The Court does not agree.  Indeed, it is well-established that, "[w]here the right of removal has been lost by failure to file a petition within the statutory period, it cannot be restored by order of the court or by stipulation of the parties.  The statutory period is an inflexible rule of law determining the time within which an application to remove must be made, and the court has no discretionary power to enlarge this period."  Peter Holding Co. v. LeRoy Foods, Inc., 107 F.Supp. 56, 57-68 (D.N.J. 1952); see also Brewer v. Geisinger Clinic, Inc., 2002 WL 57259 (M.D.Pa. 2002).  Thus, I find that Defendant's removal was not timely and I remand this case to the state court for further proceedings.  Moreover, because removal in this matter is untimely and this action is not properly before me, Defendants' Motion to Transfer is moot and  this Court need not consider whether this case should be transferred to the District of Florida pursuant to 28 U.S.C. §1404(a).

**IV. Conclusion**

  For the reasons set forth above, Plaintiff's Motion to Remand is granted and Defendants'

Motion to Transfer is Denied.  An appropriate order will follow.


Dated: December 18, 2006        _/s/  Freda L. Wolfson_____

                  The Honorable Freda L. Wolfson,
                  United States District Judge